IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JULIO PEREZ #1312115 | § | |
| v. | § | CIVIL ACTION NO. 5:15cv179 |
| CATHY McPEAK, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Julio Perez, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered the case referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Perez named Telford Unit practice manager Cathy McPeak, two dentists named Dr. Edwin Sewell and Dr. Michael Pearson, and physician's assistant Monica Pickthall, as well as unidentified security personnel.

**I. The Plaintiff's Claims**

Plaintiff asserts on October 12, 2014, he went to a nursing sick call appointment to ask about an appointment with a provider to discuss a herpes simplex virus outbreak and to ask about dental and hepatitis C appointments which medical personnel claimed he had refused, but he had not.

Ten days later, Plaintiff had a dental appointment where he was told one tooth needed extraction. He tried to explain a procedure he had read about in a book, but the dental assistant said there was no other alternative. Plaintiff talked to the dentist about this procedure but the dentist replied he did not care what the book said because policy required extraction. Plaintiff signed a refusal of treatment for the extraction.

1

Some five months later, on March 20, 2015, Lt. McBain took Plaintiff to an appointment with a nurse practitioner named Barker for an annual physical. McBain kept interrupting and ultimately terminated the appointment. Before leaving, Plaintiff asked Barker to refer him to the dental department and she said she would. On March 29, Plaintiff sent practice manager Cathy McPeak an I-60 inmate request form asking about his dental appointment but she responded he had refused to attend the appointment. The response to Plaintiff's Step Two grievance states he refused an extraction procedure on March 23, but Plaintiff contends this is not true.

On June 16 and 24, 2015, Plaintiff sent I-60 inmate request forms asking for dental care and complaining about security personnel denying him access to appointments. A dental appointment was scheduled for him, but he received no other response.

On June 29, Plaintiff was taken to a video appointment with Pickthall. She told him the treatment of hepatitis C through a medication called Interferon had been discontinued and no other available treatment existed. However, Plaintiff states he had read an article about a new treating drug called Sovaldi. He complains Pickthall has done nothing but take him in circles and lie to him, and he is being denied treatment. When he filed a grievance, the response stated he is being evaluated and monitored for hepatitis C in accordance with Correctional Managed Health Care policies and his next chronic clinic appointment is in January of 2016.

## II. The Magistrate Judge's Report

After review of the pleadings, the Magistrate Judge issued a Report recommending Plaintiff's lawsuit be dismissed. The Magistrate Judge observed Plaintiff had previously filed at least three lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief may be granted, subjecting him to the bar of 28 U.S.C. §1915(g). As a result, Plaintiff cannot proceed *in forma pauperis* unless he shows he is in imminent danger of serious physical injury as of the date he filed his lawsuit, which was November 5, 2015.

The Magistrate Judge stated such imminent danger must be "real and proximate," and allegations of past danger do not suffice. Instead, the claim of imminent danger cannot be

2

conclusory and must refer to a genuine emergency where time is pressing. Because Plaintiff did not pay the filing fee and did not allege, much less show, he was in imminent danger of serious physical injury as of the time of filing of his complaint, the Magistrate Judge concluded his claim was barred by §1915(g).

### III. Plaintiff's Objections

In his first set of objections, Plaintiff argues he is in imminent danger because he is "subjected to the pulling of tooth/teeth by indifferent prison dental staff, of which tooth/teeth can be saved, however, prison dental refuse to render thorough dental examinations in conjunction with proper dental care &/or treatment of which is constitutionally inadequate." (Docket no. 6, pp. 4-5). He quotes from a medical textbook called the Merck Manual of Medical Information concerning the diagnosis and prevention of cavities and from a guide to symptoms from the American Medical Association stating advanced dental decay may require a root canal or an extraction.

The fact the dentist advised Plaintiff he required an extraction did not place him in imminent danger of serious physical injury. His claim of imminent danger because of "indifferent prison dental staff" is wholly speculative and conclusory.

Plaintiff also claims imminent danger because the lack of treatment for hepatitis C could lead to liver cancer or death. Plaintiff's grievance shows he is being monitored by medical personnel for hepatitis C through the chronic clinic. In addition, claims of inadequate medical care for hepatitis C do not demonstrate imminent danger of serious physical injury. Humphrey v. Lopez, civil action no. 5:04cv94, 2004 U.S. Dist. LEXIS 30220 (N.D. Tex., May 6, 2004). Plaintiff's first set of objections are without merit.

In his second set of objections, Plaintiff again cites the possibility of losing one or more teeth because of allegedly indifferent dental personnel and the fact he has been approved for hepatitis C treatment but is being denied such treatment. These are not sufficient to show imminent danger of serious physical injury within the meaning of §1915(g).

In a supplemental complaint, Plaintiff states if Cathy Lang, a qualified dental professional, told him the nerve in his tooth was not inflamed or damaged, this would indicate his tooth could be salvaged. He states he has shown deliberate indifference by the dental personnel.

Plaintiff also states on February 4, 2016, he talked to Pickthall and she told him he was approved for hepatitis C treatment and was on the list. He asked her whether she had told him he was going to be transferred to the Darrington Unit to begin treatment after his eye examination in June, but when Pickthall denied telling this to him, Plaintiff called her a liar and the meeting was terminated. Plaintiff's disagreement with the recommended course of dental treatment does not show imminent danger as of the time of the filing of the complaint and his appointment with Pickthall likewise does not show imminent danger.

Because Plaintiff has not met the requirements of §1915(g), his lawsuit may be dismissed without an evidentiary hearing or appointment of counsel. See, e.g., Butler v. Williams, 476 F.App'x 300, 2012 U.S. App. LEXIS 6152 (5th Cir., March 26, 2012) (affirming *sua sponte* dismissal of complaint under §1915(g) without a hearing or appointment of counsel, and denying appointment of counsel on appeal). Plaintiff has failed to show any error in the Magistrate Judge's Report and his objections are without merit.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** the Plaintiff's objections are overruled and the report of the Magistrate Judge (docket no. 5) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the Plaintiff's application for leave to proceed *in forma pauperis* (docket no. 2) is **DENIED**. It is further

**ORDERED** the above-styled civil action is **DISMISSED WITH PREJUDICE** as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $400.00 filing fee. It is further

**ORDERED** that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**SIGNED this 1st day of June, 2016.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE